# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| TONDA L. HARMAN, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) | Case No. CIV-15-202-R |
|  | ) |  |
| CAROLYN W. COLVIN, acting Commissioner Social Security Administration, | ) ) ) |  |
|  | ) |  |
| Defendant. | ) |  |

## REPORT AND RECOMMENDATION

Defendant Acting Commissioner Carolyn W. Colvin (Commissioner) issued a final decision denying Tonda Harman's (Plaintiff) application for supplemental security income under the Social Security Act, and Plaintiff seeks judicial review under 42 U.S.C. § 405(g). United States District Judge David L. Russell referred this matter for proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (b)(3) and Fed. R. Civ. P. 72(b), and it is now before the undersigned Magistrate Judge. The undersigned has reviewed the pleadings, administrative record (AR), and parties' briefs, and recommends the court affirm the Commissioner's decision.

I. **Background and administrative proceedings.**

Plaintiff filed her application for supplemental security income on March 14, 2013. AR 143. The Social Security Administration (SSA) denied

Plaintiff's claim, and at her request, an Administrative Law Judge (ALJ) conducted a hearing. *Id.* at 35-68. In his October 2014 decision, the ALJ found Plaintiff is not disabled within the Social Security Act's meaning. *Id.* at 19-28. Plaintiff now seeks review in this Court. Doc. 1.

## II. The ALJ's findings.

Following the well-established five-step inquiry to determine whether a claimant is disabled, the ALJ found that Plaintiff: (1) has severe "chronic back pain with associated numbness"; (2) has the residual functional capacity (RFC)[2] to perform light work; and (3) can perform past relevant work and work in the national economy. AR 21, 23-27; *see also* 20 C.F.R. § 416.920(b)-(f); *Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (describing five steps).

## III. Plaintiff's claim.

Plaintiff challenges the ALJ's credibility determination, alleging: (1) his analysis was conclusory; (2) he failed to consider her efforts to obtain treatment and pain relief; and (3) substantial evidence contradicts his finding. Doc. 14, at 3-11.

---

[2] Residual functional capacity "is the most [a claimant] can still do despite [a claimant's] limitations." 20 C.F.R. § 416.945(a)(1).

## IV. Standard for review.

This Court's review is limited to whether "substantial evidence" supports the ALJ's factual findings and whether the ALJ applied "the correct legal standards." *See Wilson v. Astrue,* 602 F.3d 1136, 1140 (10th Cir. 2010). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (citation omitted). In determining whether substantial evidence exists, the court "will not reweigh the evidence." *Howard v. Barnhart,* 379 F.3d 945, 947 (10th Cir. 2004). As the Tenth Circuit has cautioned, "common sense, not technical perfection, is [the court's] guide." *Keyes-Zachary v. Astrue,* 695 F.3d 1156, 1167 (10th Cir. 2012). Finally, the court may find an ALJ's error harmless, if "based on material the ALJ did at least consider (just not properly), [the court] could confidently say that no reasonable administrative factfinder, following the correct analysis, could have resolved the factual matter in any other way[.]" *Allen v. Barnhart,* 357 F.3d 1140, 1145 (10th Cir. 2004).

## V. Analysis.

Plaintiff challenges the ALJ's credibility finding on three grounds. Because substantial evidence supports the ALJ's decision, the undersigned recommends the court affirm the Commissioner's decision.

### A. Standard for evaluating credibility.

This Court reviews an ALJ's credibility determination with deference and generally treats this determination as binding on review. *See Talley v. Sullivan,* 908 F.2d 585, 587 (10th Cir. 1990); *Broadbent v. Harris,* 698 F.2d 407, 413 (10th Cir. 1983). "Credibility determinations are peculiarly the province of the finder of fact" and will not be overturned when substantial evidence supports them. *Wilson,* 602 F.3d at 1144; *accord Hackett v. Barnhart,* 395 F.3d 1168, 1173 (10th Cir. 2005). However, an ALJ's credibility finding "'should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings.'" *Wilson,* 602 F.3d at 1144 (citation omitted).

Besides objective evidence, the ALJ may consider certain factors in evaluating a claimant's credibility, including the claimant's daily activities; the location, duration, and intensity of the claimant's pain or other symptoms; factors that precipitate and aggravate the symptoms; the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; any treatment other than medications the individual receives or has received for pain or other symptoms; any measures other than treatment the individual uses or has used to relieve pain or other symptoms; and any other factors concerning the

individual's functional limitations and restrictions due to pain or other symptoms. *See* SSR 96-7p, 1996 WL 374186, at *3 (July 2, 1996); *Keyes-Zachary*, 695 F.3d at 1167. However, "an ALJ is not required to address each factor in his decision." *Duncan v. Colvin*, 608 F. App'x 566, 578 (10th Cir. 2015).

### B. The ALJ's credibility analysis.

The ALJ summarized Plaintiff's testimony and then found: "[a]fter careful consideration of the evidence, the [ALJ] finds that [Plaintiff's] medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, [Plaintiff's] statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely credible for the reasons explained in this decision." AR 24. The ALJ then summarized the medical evidence from the consultative physician Dr. Ryan Trojah and concluded:

> This evidence does not support the alleged severity of the claimant's impairments. While the claimant was assessed with asthma in light of mild expiratory wheezes, there was no indication of functional limitation relating to the wheezing. Additionally, the claimant's complaints of pain were not substantiated by limitations on examination, only subjective complaints of pain.

*Id.*

The ALJ then discussed consultative psychologist Dr. Laurie Clemons' report regarding Plaintiff's mental examination, wherein she diagnosed Plaintiff with major depressive disorder and generalized anxiety disorder, and held: "The findings on examination do not support finding the diagnoses as severe impairments as there are no limitations coming from these impairments." *Id.* at 25. The ALJ also considered an "Outpatient Request for Prior Authorization," but found that the included "global assessment of functioning score" was entitled to "little weight" as Plaintiff's own report did not support it. *Id.* Finally, the ALJ wrote:

> The [ALJ] does not discount all of [Plaintiff's] complaints; however, the evidence within the record demonstrates that even though [Plaintiff] does have a medically determinable impairment[,] it is not severe enough to prevent [Plaintiff] from participating in substantial gainful activity, given the [RFC] set forth above [stating that Plaintiff can perform the full the range of light work and is able to lift and/or carry and push and/or pull twenty pounds occasionally and ten pounds frequently, and can stand and/or walk six hours in an eight-hour workday and sit six hours in an eight-hour workday with normal breaks]. Given the objective medical evidence in the record, the [ALJ] finds that [Plaintiff's] [RFC] is reasonable, and that [Plaintiff] could function within those limitations without experiencing significant exacerbation of her symptoms.

*Id.* at 26. Notably, Plaintiff does not directly challenge the ALJ's RFC determination.

C.   **The ALJ's alleged failure to give specific reasons for finding Plaintiff less than fully credible.**

Plaintiff first contends the ALJ's credibility analysis was conclusory and failed to provide "any actual reasons or explanation for his finding . . . ." Doc. 14, at 5. The undersigned disagrees.

For example, the ALJ gave a specific reason for discounting Plaintiff's credibility based on Dr. Trojah's report. *See supra* § V(B). And, when read with common sense, it is clear the ALJ's negative comments regarding Dr. Clemons' report and Plaintiff's "Outpatient Request for Prior Authorization," *see id.*, were intended as reasons for discounting Plaintiff's credibility. Under such circumstances, the undersigned finds the ALJ's "approach performed the essential function of a credibility analysis . . . ." *Keyes-Zachary*, 695 F.3d at 1170; *see also Bales v. Colvin*, 576 F. App'x 792, 800 (10th Cir. 2014) (holding the ALJ "closely and affirmatively linked to substantial evidence" when he summarized the claimant's testimony and discussed the relevant medical evidence) (internal quotation marks and citation omitted).

D.   **The ALJ's failure to consider Plaintiff's efforts to obtain treatment for, and obtain relief from, her impairments.**

According to Plaintiff, one factor an ALJ should consider in assessing credibility is a claimant's efforts to obtain treatment for, or relief from, her impairments. Doc. 14, at 8. Plaintiff alleges the ALJ ignored evidence she:

7

(1) "sought regular chiropractic treatments during December 2010 and January 2011"; (2) received treatment for mental-health issues from September 2013 through June 2014; (3) sought treatment for "asthma and elevated blood pressure"; and (4) took numerous medications and tried various methods of pain relief. *Id.* at 7-8.

The ALJ stated he considered all the objective medical and opinion evidence, AR 23, and the undersigned presumes he did so. *See Mendez v. Colvin*, 588 F. App'x 776, 780 (10th Cir. 2014) ("When an 'ALJ indicates she has considered all the evidence, our practice is to take the ALJ at her word.'" (internal brackets omitted) (quoting *Wall v. Astrue*, 561 F.3d 1048, 1070 (10th Cir. 2009))). Further, an ALJ need not discuss every credibility factor, *see Duncan*, 608 F. App'x at 578, nor every piece of evidence in the record. *See Wall*, 561 F.3d at 1067.

### 1. Evidence Plaintiff sought treatment for other impairments and pain relief.

In part, Plaintiff claims the ALJ failed to discuss evidence relating to her: (1) chiropractic treatments during December 2010 and January 2011; (2) treatment for "asthma and elevated blood pressure"; and (3) use of numerous medications and various methods of pain relief. Doc. 14, at 7-8. The undersigned finds no error in the ALJ's opinion.

For example, Plaintiff did not file her supplemental security income application until March 2013, and the relevant evidence included Plaintiff's "medical history for at least the 12 months preceding the month in which [she] filed [her] application . . . ." 20 C.F.R. § 416.912(d). So, the undersigned sees no error in the ALJ's failure to specifically discuss Plaintiff's chiropractic treatment from December 2010 to January 2011 when assessing her credibility after March 2013. *See, e.g., Stutsman v. Colvin*, No. 14-CV-0241-CVE-FHM, 2015 WL 3755946, at *8 (N.D. Okla. June 16, 2015) (unpublished opinion and order) ("The Court finds no error with the ALJ's decision to limit review of plaintiff's credibility to the relevant time period.").

Further, Plaintiff did not allege disability based on her asthma or high blood pressure, she does not point to any evidence which would establish any functional limitation from these illnesses or from her arthritis, and she does not challenge the ALJ's RFC determination. So, the undersigned finds no reversible error in the ALJ's failure to specifically discuss evidence she sought treatment for these impairments, and took medications for "arthritis," "allergies," and "blood pressure," when assessing Plaintiff's credibility. *See Bales*, 576 F. App'x at 799 ("Here, the ALJ thoroughly discussed the medical evidence, and there is no indication that, despite not expressly mentioning Ms. Bales' other medical problems, the ALJ did not take them into account.").

Finally, the undersigned finds only one reference to Plaintiff using "a TENS unit" to relieve her back pain, AR 363, and she testified no physician had prescribed her cane use. *Id*. at 47-48. And Plaintiff's allegations she relieves her back pain by using "pain relieving patches, Biofreeze, ice or packs of frozen vegetables" and "laying down" "much of the day" is subjective. *See* Doc. 14, at 8. The undersigned determines the ALJ's failure to specifically discuss these details in assessing Plaintiff's credibility is not error.

### 2. Evidence Plaintiff sought mental-health treatment.

As for Plaintiff's mental-health treatment, the undersigned finds any possible error in the ALJ's opinion is harmless.

For example, Plaintiff cites to evidence the ALJ allegedly ignored that she cried during interviews, had "a depressed and anxious mood," had "problems maintaining her personal hygiene," and took prescriptions for depression and anxiety. *Id*. at 7-8. But the ALJ considered Dr. Clemons' report, wherein she noted Plaintiff "cried throughout much of the interview." AR 26. The ALJ also considered Plaintiff's report to Dr. Clemons that she had been "prescribed Xanax 'off and on' over the years for anxiety," her "usual mood was blue and sad, with disturbed sleep" and she had been "putting on weight." *Id*. Additionally, the ALJ considered Plaintiff's reporting she had

"moderate difficulty in mood and was easily moved to tears" and had "moderate difficulty with interpersonal areas, role performance and self-care needs." *Id.* at 26. After considering this evidence, the ALJ found Plaintiff's mental impairments to be non-severe, which the undersigned construes as indicating Plaintiff was also not credible when she alleged disabling mental symptoms.

The ALJ's opinion makes clear he understood that Plaintiff cried, had a depressed and anxious mood, had issues with personal hygiene, and used prescription medication to treat her depression. And, Plaintiff does not challenge the ALJ's finding that her mental impairments were non-severe, or his RFC assessment which included no mental limitations. So, the undersigned finds harmless the ALJ's failure to specifically discuss this evidence when assessing Plaintiff's credibility.

### E. The alleged contradictory evidence.

Finally, Plaintiff alleges substantial evidence contradicts the ALJ's credibility finding. Doc. 14, at 9-11. The undersigned disagrees.

Notably, much of Plaintiff's argument rests on evidence the ALJ specifically discussed. Plaintiff alleges the ALJ's credibility finding was "contradicted" by evidence: (1) "Dr. Trojan noted [Plaintiff] suffered mild expiratory wheeze in her lungs, pain with range of motion testing in her mid-

11

thoracic and lower spine regions, and tenderness to palpation of her mid thoracic and lower lumbar spine paraspinal muscles[]"; and (2) "Dr. Clemons[] found [Plaintiff] had a low ability for immediate recall and noted [Plaintiff] cried throughout much of her interview." *Id.* at 9. But the ALJ considered and discussed these findings, AR 24-25, and it is not this Court's role to reweigh that evidence. *See Howard*, 379 F.3d at 947; *see also Lately v. Colvin*, 560 F. Appx. 751, 755 (10th Cir. 2014) (affirming the Commissioner's opinion because "the ALJ 'clearly and affirmatively linked her adverse determination of Ms. Lately's credibility to substantial record evidence . . . and our limited scope of review precludes us from reweighing the evidence or substituting our judgment for that of the agency[.]'" (citation and internal brackets omitted)).

Plaintiff also relies on evidence, which the ALJ did not specifically discuss, that mental-health professionals found her to be tearful, depressed, emotional and anxious. Doc. 14, at 9. Again, the ALJ well knew Plaintiff suffered from these symptoms and nevertheless found her to be less than fully credible. *See supra* § V(D)(2). The undersigned disagrees this cumulative evidence "overwhelmingly contradicted the ALJ's credibility finding." Doc. 14, at 9.

Finally, Plaintiff cites to evidence the Appeals Council reviewed that in December 2014, Plaintiff: (1) had a moderate limitation in her ability to interact with "supervisors, coworkers, and the public"; (2) had a marked limitation in her ability to respond to work pressures and changes in work routines; and (3) was emotional, anxious and "cr[ied] uncontrollably." *Id.* at 10-11. On this form, a "moderate limitation[]" meant "the individual is still able to function satisfactorily," and a "marked limitation" meant that the "ability to function is severely limited, but not precluded." AR 6.

This evidence post-dated the ALJ's opinion, so it is irrelevant to the ALJ's decision Plaintiff was not fully credible regarding her allegations of disabling symptoms from March 2013 to October 2014.[3] *See, e.g., Beauclair v. Barnhart*, 453 F. Supp. 2d 1259, 1269 (D. Kan. 2006) (finding evidence that post-dated the ALJ's opinion "is not material to the decision because it does not relate to the time period at issue"). The undersigned notes that even if the evidence is relevant, it does not "contradict" the ALJ's credibility finding.

---

[3] The Appeals Council stated:

> We also looked at the statement you submitted from your case manager, Angela G., dated December 1, 2014. The [ALJ] decided your case through October 24, 2014. This new information is about a later time. Therefore, it does not affect the decision whether you were disabled beginning on or before October 24, 2014.

AR 1.

No physician or psychologist signed the December 2014 medical source statement; instead, it was "filled out by [Case Manager] Angela G." from "Edwin Fair." AR 6-8. A case manager is not an acceptable medical source. *See Akers v. Colvin*, 556 F. App'x 754, 757 (10th Cir. 2014) ("Licensed professional counselors are not 'acceptable medical sources'—and thus may not provide medical opinions . . . ."). And, the record reflects Plaintiff's last contact with Edwin Fair was in June 19, 2014, AR 364, a full six months before the case manager filled out the medical source statement. Finally, under the form's definitions, Plaintiff could still "function satisfactorily" with supervisors, coworkers and the public, and was not "precluded" from responding appropriately to work pressures and changes in work settings. *Id*. at 6-7. And, because Plaintiff does not challenge the ALJ's RFC determination, the undersigned sees no grounds for reversing the ALJ's credibility determination based on this evidence.

## VI. Recommendation and notice of right to object

Because substantial evidence supports the ALJ's credibility assessment, the undersigned recommends the court affirm the Commissioner's decision.

The undersigned advises the parties of their right to object to this report and recommendation by the 25th day of November, 2015, under 28

U.S.C. § 636 and Fed. R. Civ. P. 72. The undersigned further advises the parties that failure to make timely objection to this report and recommendation waives their right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This report and recommendation disposes of all issues referred to the Magistrate Judge in this matter.

ENTERED this 5th day of November, 2015.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE