# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| TONDA L. HARMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIV-15-202-R |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social | ) | |
| Security, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff Tonda Harman brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381–1383f. Pursuant to 28 U.S.C. § 636(b)(1)(B), the matter was referred to United States Magistrate Judge Suzanne Mitchell for preliminary review. On November 5, 2015, Judge Mitchell issued a Report and Recommendation, wherein she recommended that the decision of the Commissioner be affirmed. The matter is currently before the Court on Plaintiff's timely objection to the Report and Recommendation, which gives rise to the Court's obligation to conduct a *de novo* review of those portions of the Report and Recommendation to which Plaintiff makes specific objection. Having completed this review, the Court finds as follows.

As noted by Judge Mitchell the Commissioner relies on a five-step sequential analysis in assessing eligibility for disability benefits. At step one the administrative law judge

concluded Plaintiff had not engaged in substantial gainful activity since March 14, 2013, the date of her application. At step two the administrative law judge concluded she had the severe impairment of chronic back pain with associated numbness and the non-severe impairments of asthma, affective disorder and generalized anxiety disorder. At step three he concluded that Plaintiff's impairments did not meet any of the listings that would have resulted in a finding that she was presumptively disabled. The administrative law judge assessed Plaintiff's residual functional capacity and concluded that she retained the capacity for the full range of light work. As a result he concluded that she could perform her past relevant work and his assessment terminated at step four of the sequential analysis.

Plaintiff's first challenge to the administrative law judge's decision addresses his credibility analysis. Plaintiff acknowledged in her opening brief that credibility is the province of the administrative law judge, but argues that deference is warranted only in the event the administrative law judge conducts the proper analysis and documents such in his decision. She contends his analysis was conclusory, that he failed to consider her efforts to obtain treatment and pain relief, and further that there is substantial evidence contrary to his credibility finding.

As noted above, the administrative law judge concluded that Plaintiff suffered from the severe impairment of chronic back pain with associated numbness. After concluding she could perform the full range of light work, the administrative law judge summarized Plaintiff's hearing testimony and thereafter stated:

After careful consideration of the evidence, the undersigned finds that the

claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely clear for the reasons explained in this decision.

Tr. 24. Thereafter the administrative law judge summarized the findings by Ryan Trojah, M.D., who conducted a consultative examination. At the end of the summary the administrative law judge wrote:

> The claimant was assessed with chronic back pain with reported numbness of the right leg and left arm with increased use. Dr. Torjah reiterated that the claimant had sensation in the upper and lower extremities bilaterally. The claimant exhibited no loss of strength in either the upper or lower extremities. The claimant was also assessed with asthma, it is noted the only sign of asthma was mild expiratory wheezing (Exhibit 2F). This evidence does not support the alleged severity of the claimant's impairments. While the claimant was assessed with asthma in light of mild expiratory wheezes, there was no indication of functional limitation relating to the wheezing. Additionally, the claimant's complaints of pain were not substantiated by limitations on examination, only subjective complaints of pain. The evidence does not contradict the above residual functional capacity.

Tr. 24. Accordingly, it appears to the undersigned that the administrative law judge discredited Plaintiff's complaints of pain solely because of a lack of objective substantiation. The administrative law judge did not make reference to any attempts to find relief, willingness to try treatment, Plaintiff's activities of daily living[1], any medication Plaintiff was taking.[2] Furthermore, the Court agrees with Plaintiff that the administrative law judge's

---

[1] The administrative law judge recited Plaintiff's testimony regarding her activities of daily living's but made no finding that her activities were inconsistent with her reported level of pain.

[2] The medical evidence in this case was limited by Plaintiff's apparent financial inability to seek treatment during the twelve months prior to the filing of the application and during its pendency. The administrative law judge, however, made no reference to most of the factors set forth in *Luna v. Bowen*, 834 F.2d 161 (10th Cir. 1987), despite finding that Plaintiff suffered from the severe impairment of chronic back

(continued...)

discussion regarding the Outpatient Request for Prior Authorization, completed on September 11, 2013, is a statement in support of rejecting the GAF of 38 assigned therein, not a statement regarding Plaintiff's credibility.

In short, the Court disagrees with the Magistrate Judge that the administrative law judge's credibility analysis was sufficient to comport with the requirements of 20 C.F.R. § 416.929 and SSR 96-7p. Although there is certainly evidence contained within the record and summarized by the administrative law judge that could have permitted him to conclude that Plaintiff's allegations were not credible, with the one insufficient example set forth above, the administrative law judge did not connect the dots in conducting his credibility analysis. As such, the Court declines to adopt the Report and Recommendation and orders that this matter be re-referred to the Commissioner for additional proceedings.

IT IS SO ORDERED this 28th day of January, 2016.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

---

[2](...continued)
pain, so as to permit the Court to conclude that he considered the factors.