# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| TONDA L. HARMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-15-202-R |
| | ) | |
| CAROLYN W. COLVIN, acting | ) | |
| Commissioner Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Tonda Harman (Plaintiff) sought judicial review after Defendant Acting Commissioner Carolyn W. Colvin (Commissioner) issued a final decision denying her application for supplemental security income under the Social Security Act, Doc. 1. The undersigned Magistrate Judge recommended the court affirm that decision. Doc. 20. The court disagreed, and reversed and remanded to the Commissioner for further proceedings under 42 U.S.C. § 405(g). Doc. 23, at 4. Plaintiff now seeks an award of attorney fees pursuant to the Equal Access to Justice Act (EAJA), Doc. 25, and the Commissioner objects. Doc. 26. United States District Judge David L. Russell referred the motion to the undersigned, consistent with 28 U.S.C. § 636(b)(3) and Fed. R. Civ. P. 72(b), and it is now at issue. The undersigned recommends the court deny Plaintiff's motion.

I.  **Background.**

In October 2014, the administrative law judge (ALJ) found Plaintiff has severe "chronic back pain with associated numbness" but is not disabled because she can perform past relevant work and work in the national economy.  AR 21, 23-27.  Plaintiff sought judicial review, challenging the ALJ's credibility determination on grounds:  (1) his analysis was conclusory; (2) he failed to consider her efforts to obtain treatment and pain relief; and (3) substantial evidence contradicts his finding.  Doc. 14, at 3-11.

The undersigned disagreed and recommended the court affirm the Commissioner's decision.  Doc. 20.  In sum, the undersigned documented the evidence the ALJ discussed, took the ALJ at his word he had considered all the objective medical and opinion evidence, and noted he was not legally required to discuss every credibility factor or every piece of evidence in the record.  *Id.* at 5-14.  The court declined to adopt the recommendation, finding the ALJ had failed to make reference to several credibility factors, and holding, in sum, "the administrative law judge did not connect the dots in conducting his credibility analysis."  Doc. 23, at 4.

II.  **Attorney fees under the EAJA.**

Under the EAJA, the court may award Plaintiff attorney fees if:  (1) she is the prevailing party; (2) the Commissioner's and/or ALJ's position was not

2

"substantially justified"; and (3) an award of fees would not be unjust. 28 U.S.C. § 2412(d)(1)(A), (d)(2)(D). The only dispute before the court is whether the United States' opinion was substantially justified.

The government's position is "substantially justified" if it is "justified in substance or in the main – that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal quotation marks omitted). A position may be substantially justified "even though it is not correct." *Id.* at 566 n.2; *see also Madron v. Astrue*, 646 F.3d 1255, 1257-58 (10th Cir. 2011) ("When a district court reviews an EAJA application, however, it considers (among other things) whether the government's litigating position enjoyed substantial justification in fact and law; that is, whether its litigating position was reasonable even if wrong."). So long as there's a "reasonable basis in law and fact," an incorrect position may be substantially justified. *Pierce*, 487 U.S. at 566 n.2. As such, the standard is comparable to one that is "satisfied if there is 'a genuine dispute,'" or "if reasonable people could differ as to the appropriateness of the contested action." *Id.* at 565. The Commissioner bears the burden to show that her position was substantially justified. *Gilbert v. Shalala*, 45 F.3d 1391, 1394 (10th Cir. 1995).

## III. Plaintiff's argument for attorney fees.

Plaintiff argues the United States' position was not substantially justified because the ALJ's credibility analysis "was legally erroneous and was not based on substantial evidence." Doc. 25, at 3. She explains "[s]ince [the ALJ's] erroneously insufficient credibility analysis and finding necessitated this action; [the United States'] action in Plaintiff's case was not substantially justified." *Id.* The undersigned disagrees. *See Madron*, 646 F.3d at 1257 ("[I]t does not necessarily follow from our decision vacating an administrative decision that the government's efforts to defend that decision lacked substantial justification.").

First, as noted above, the government's position does not lack substantial justification simply because it was erroneous. *See supra* § II; *Pierce*, 487 U.S. at 566 n.2; *Madron*, 646 at 1257.

Second, the court did not reject the ALJ's position based on a lack of substantial evidence,[2] but because he failed to "connect the dots." Doc. 23, at 4 ("Although there is certainly evidence contained within the record and summarized by the administrative law judge that could have permitted him to conclude that Plaintiff's allegations were not credible, with one insufficient

---

[2] Even if the court had made such a finding, "a lack of substantial evidence on the merits does not necessarily mean that the government's position was not substantially justified." *Hadden v. Bowen*, 851 F.2d 1266, 1269 (10th Cir. 1988).

example set forth above, the administrative law judge did not connect the dots in conducting his credibility analysis."). So, while the ALJ's credibility assessment may have been flawed, the undersigned finds it was nevertheless substantially justified. *See, e.g., Hernes v. Barnhart*, No. 01-C-455-C, 2002 WL 32341703, at *3 (W.D. Wis. July 30, 2002) (unpublished order) (finding the ALJ's credibility position was substantially justified where evidence in the record may have supported his decision but he failed to "articulate sufficiently the path of his reasoning").

The undersigned likewise finds the Commissioner's position was justified to a degree it could satisfy a reasonable person. Although the court ultimately disagreed, the undersigned recommended affirming the ALJ's decision based on the Commissioner's position. This demonstrates "reasonable minds could . . . differ over whether the credibility determination was adequately made." *Lloyd v. Colvin*, No. 12-cv-03350-RBJ, 2014 WL 3585305, at *2 (D. Colo. July 21, 2014) (unpublished order) (denying plaintiff's request for attorney fees because the United States' position was substantially justified, explaining "[t]hough this Court ultimately disagreed," the magistrate judge had recommended affirming the ALJ's credibility decision and this showed "reasonable minds could certainly differ over whether the credibility determination was adequately made"); *see also*

*Forrester v. Colvin*, No. 1:12-CF-02111-JMC, 2015 WL 3868057, at *3 (D.S.C. June 22, 2015) (unpublished order) (holding "[t]he fact that a Magistrate Judge recommended affirmation of the Acting Commissioner's position does not by itself establish substantial justification . . . but it does weigh in favor of a determination that the issue at hand is one 'about which reasonable minds could disagree,'" then denying plaintiff's application for attorney fees and finding the Commissioner's position was substantially justified because "though the court ultimately differed in its interpretation of the ALJ's conclusions, the Magistrate Judge did present a reasonable analysis of the evidence that led to the Report's recommendation that the Acting Commissioner's decision be affirmed" (citations omitted)).

## IV. Recommendation and notice of right to object.

The undersigned finds the United States' position was substantially justified and recommends the court deny Plaintiff's motion for attorney fees under the EAJA.

The undersigned advises the parties of their right to object to this report and recommendation by the 4th day of April, 2016, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises the parties that failure to make timely objection to this report and recommendation waives their right to appellate review of both factual and

legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This report and recommendation disposes of all issues referred to the Magistrate Judge in this matter.

ENTERED this 15th day of March, 2016.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE