# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| TONDA L. HARMON, | ) | |
| --- | --- | --- |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIV-15-202-R |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of | ) | |
| Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Following an Order remanding this matter to the Commissioner for further proceedings, Plaintiff sought an award of attorney's fees pursuant to 28 U.S.C. § 2412, the Equal Access to Justice Act. The matter was referred to United States Magistrate Suzanne Mitchell for review. On March 15, 2016, Judge Mitchell issued a Report and Recommendation wherein she recommended the motion be denied. The matter is currently before the Court on Plaintiff's timely objection to the Report and Recommendation, which gives rise to the Court's obligation to undertake a *de novo* review of those portions of the Report and Recommendation to which Plaintiff makes specific objection. Having conducted this review, the Court finds as follows.

Judge Mitchell's recommendation is based on her determination that that the United States' position was "substantially justified." *See* 28 U.S.C. § 2412(d)(1)(A), (d)(2)(D). "Substantially justified" is defined as "justified in substance or in the main – that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*,

487 U.S. 552, 565 (1988)(quotation omitted). Plaintiff contends the United States' position was not substantially justified because the Court reversed and remanded based on an inadequate credibility analysis.

The Commissioner bears the burden of demonstrating that her position was substantially justified, meaning, her "position was reasonable in law and in fact and thus can be justified to a degree that could satisfy a reasonable person." *Harrold v. Astrue, 372 Fed.Appx.* 903, 904 (10th Cir. 2010) (unpublished) (internal quotation marks and citations omitted). "Both the Commissioner's prelitigation and litigation positions must have had reasonable bases in fact and law to be considered substantially justified." *Id.* (citation omitted). Further, EAJA fees "generally should be awarded where the government's underlying action was unreasonable even if the government advanced a reasonable litigation position." *Hackett v. Barnhart,* 475 F.3d 1166, 1174 (10th Cir. 2007) (citation omitted). Any EAJA attorney fees awarded must be reasonable. *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998).

The Court concurs with Judge Mitchell with regard to her conclusion that the position of the United States was substantially justified. As stated by the court in *Hernes v. Barnhart*, 2002 WL 32341703 (W.D. Wis. 2002):

> There was evidence in the record to support the commissioner's decision; in fact, this court noted that the record contained at best borderline evidence to support plaintiff's claim of disability. This court remanded the case so that the commissioner could articulate more completely his rationale for concluding that plaintiff's activities and medical treatment history were not consistent with his allegations of disability. An administrative law judge's failure to articulate sufficiently the pat of his reasoning "in no way necessitates a finding the [commissioner's] position was not substantially justified" within the meaning of the EAJA." *Stein v. Sullivan* 966 F.2d 317,

320 97th Cir. 1992). . . . Although these errors may sound significant, in reality this was a close case and one that a different court may have decided differently.

*Id.* at *3. Similarly, the court in *Lloyd v. Colvin*, 2014 WL 3585305 (D.Colo. 2014):

> In this instance the Court finds that the government's position was substantially justified both at the agency level and in litigation. This case was a difficult one for the Court to decide on the merits. Notably, there was substantial evidence on the record that the objective medical evidence did not support a finding of disability. Further, Magistrate Judge Mix recommended that the decision be affirmed, based in part on her finding that the ALJ sufficiently liked his evaluation of Mr. Lloyd's credibility to substantial evidence in the record. Though this Court ultimately disagreed, reasonable minds could certainly differ over whether the credibility determinations were adequately made.

*Id.* at 2. Although Plaintiff attempts to distinguish these cases, which were cited by Judge Mitchell in the Report and Recommendation, the Court disagrees. The position espoused by the Commissioner was substantially justified, and therefore, for the reasons set forth above and in the Report and Recommendation, the Plaintiff's Motion for Attorney's Fees is hereby DENIED. The Report and Recommendation is ADOPTED.

IT IS SO ORDERED this 12th day of May, 2016.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE